IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN A. BERNARDI,

                      Plaintiff,                    ORDER

v.

                                                  08-cv-758-slc

BRIAN KLEIN and
MANDY CAYGILL,

                      Defendants.

---

      Plaintiff John Bernardi has filed a 23-page, single-spaced brief in support of a motion for reconsideration regarding the court's conclusion that defendants Brian Klein and Mandy Caygill are entitled to qualified immunity on plaintiff's claims that defendants violated his Fourth Amendment rights when they required him to perform field sobriety tests and arrested him for drunk driving. *See* dkt. 67 and 73. I am denying plaintiff's motion because he has still failed to show that defendants violated his clearly established rights with respect to the field sobriety tests and the arrest.

      In the summary judgment opinion, I concluded that the only undisputed fact supporting the decision to conduct field sobriety tests was plaintiff's admission that he had consumed one alcoholic drink earlier in the evening. *See* dkt. 63, at 12-13. In addition, I concluded that plaintiff's admission was not enough to establish reasonable suspicion. *Id.* at 13. However, plaintiff's claim regarding the field sobriety tests failed because he did not cite any authority showing that the law was clearly established that defendants had violated the Fourth Amendment. The one relevant case uncovered by the court's own research resolved the issue against plaintiff. *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1207 (10th Cir. 2008) (holding

that officers were entitled to qualified immunity on claim that they violated plaintiff's Fourth Amendment rights by requiring him to perform field sobriety tests solely because he admitted drinking "one beer three hours ago").

In his motion, plaintiff argues that *Vondrak* is distinguishable because the drunk driving statute at issue was stricter than Wisconsin's, but even if I agree with plaintiff that *Vondrak* is not directly on point, this does little to advance his argument. The question is not whether *Vondrak* is controlling; it is whether plaintiff can show that the violation of his constitutional rights was clearly established as of December 31, 2006, the date of the traffic stop. *Vondrak* is important because it provides some authority for the proposition that reasonable suspicion is established by an admission like plaintiff's. Plaintiff could overcome the force of *Vondrak* if he cited a case from the Seventh Circuit or the Supreme Court that contradicted *Vondrak,* or if he could show that the overwhelming trend of courts in other jurisdictions was to find a constitutional violation in cases similar to this one. However, even in his motion for reconsideration, plaintiff fails to cite a single case that supports his position.

Plaintiff is correct that government officials may be held liable under § 1983 even under novel factual circumstances and that he is not required to cite case law with the same facts, but this is true only when the constitutional amendment itself or whatever case law is in existence applies with obvious clarity to the facts of the present case. *Michael C. v. Gresbach*, 526 F.3d 1008, 1017 (7th Cir. 2008) ("[A] general constitutional rule already identified may apply with obvious clarity to the specific conduct in question, even though the very action in question has not previously been held unlawful.") Despite the length of his brief, plaintiff fails to develop an

2

argument on this point beyond a conclusory statement that defendants' conduct was "egregious." That is not sufficient to satisfy plaintiff's burden.

Alternatively, plaintiff argues that the court erred in failing to consider the disputed evidence defendants relied on in the summary judgment materials to justify the field sobriety tests, such as the alleged odor of alcohol on plaintiff and his alleged suspicious driving (plaintiff refers to this as "manufactured evidence"). Plaintiff's argument on this point is unclear. He seems to be saying that the court should use the disputed evidence to draw the inference that defendants subjected plaintiff to the field sobriety tests even though they *knew* that plaintiff was not impaired and that qualified immunity should not apply when officers lie about the reasons for their actions. Although I did not and may not consider genuinely disputed evidence as support for the conclusion that defendants are entitled to qualified immunity, I also could not consider that evidence as support for plaintiff's claim.

Plaintiff misunderstands the law under the Fourth Amendment and the qualified immunity doctrine. Both tests are *objective*. The Supreme Court held long ago that it does not matter why an officer "really" conducts a search or seizure:

> It is imperative that the facts be judged against an objective standard . . . without regard to the underlying intent or motivation of the officers involved. . . . [T]he fact that the officer does not have the state of mind hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.

*Scott v. United States*, 436 U.S. 128, 137 (1978). The qualified immunity test is the same in this regard. For example, in *Anderson v. Creighton*, 483 U.S. 635 (1987), a case in which the court

3

considered whether officers were entitled to qualified immunity on a Fourth Amendment claim, the Court stated:

> The relevant question in this case, for example, is the objective (albeit fact-specific) question whether a reasonable officer could have believed [Petitioner's] warrantless search to be lawful, in light of clearly established law and the information the searching officers possessed. *[Petitioner's] subjective beliefs about the search are irrelevant.*

*Id.* at 641 (emphasis added). Thus, unfortunately for plaintiff, it does not matter whether some of defendants' reasons for conducting the tests may be false if the undisputed facts do not show that defendants violated clearly established law.

With respect to the arrest, I concluded in the summary judgment opinion that defendants were entitled to qualified immunity because plaintiff failed to show that it was clearly established that a failure to perform successfully two field sobriety tests was insufficient to establish probable cause for a drunk driving arrest. Rather, case law supported the view that field sobriety tests may provide probable cause for an arrest, even when a suspect performs well on some tests but not others. *E.g.*, *State v. Wille*, 185 Wis. 2d 673, 684, 518 N.W.2d 325, 329 (Ct. App. 1994); *State v. Wilson*, 846 S.W.2d 796 (Mo. Ct. App. 1993).

In his motion for reconsideration, plaintiff repeats the argument regarding defendants' subjective intent, which I need not address again. Most of his argument on this issue is devoted to a lengthy discussion regarding why his performance on the field sobriety tests did not provide sufficient evidence to justify an arrest. However, plaintiff does not deny that he was unable to keep his leg raised for more than 12 seconds even after two attempts and that he swayed and used his arms for balance on the "one leg stand" test and that he was unable to perform the turn as instructed, lost his balance, began a new line while walking back and walked sixteen steps

instead of nine as he was told on the "walk and turn" test. Although he repeats his argument from his summary judgment brief that extenuating circumstances impaired his performance and that defendants should have considered other evidence of his sobriety, he fails to acknowledge that the law is against him on both of these issues, even though this law was discussed in the summary judgment opinion. *Hernandez v. Sheahan*, 455 F.3d 772, 777 (7th Cir. 2006) ("[P]olice may act on the basis of inculpatory evidence without trying to tote up and weigh all exculpatory evidence."); *Hebron v. Touhy*, 18 F.3d 421, 423 (7th Cir. 1994) (officers "are entitled to act on the basis of observable events" without making credibility determinations). *See also* January 13, 2010 Op. and Order, dkt. 63, at 18 ("Courts routinely reject arguments that field sobriety tests must be disregarded because of the suspect's claimed injury or disability.") (citing cases).[1]

Again, despite the lengthy argument in his brief, plaintiff does not cite any case law supporting his position. He fails to understand that, under a qualified immunity analysis, argument is not a substitute for relevant authority. It is *his* burden to show defendants violated clearly established law, not defendants burden to show that they acted reasonably. *Mannoia v. Farrow*, 476 F.3d 453, 457 (7th Cir. 2007).

As I stated in the summary judgment opinion, I agree with plaintiff that a reasonable officer could have reviewed the evidence and determined that plaintiff was not intoxicated. I went so far as to say that defendants may have used questionable judgment in arresting plaintiff. If the question simply were whether, under plaintiff's version of the facts, defendants' arrest violated the Fourth Amendment, this would be a very close case. However, plaintiff is wrong

---

[1] Plaintiff also includes several pages of argument about the reliability of a training manual defendants cited in their summary judgment materials. This argument is a red herring because I did not rely on or even mention that manual in the summary judgment opinion.

to argue that defendants' summary judgment motion must be denied unless the court can say with certainty that "no reasonable person could conclude that plaintiff was not impaired." Dkt. 73, at 4. Rather, the test is whether plaintiff has shown that no reasonable officer could conclude that probable cause existed to arrest plaintiff, under the law in existence at the time. Because plaintiff has failed to meet that burden, I am denying his motion for reconsideration.

## ORDER

It is ORDERED that plaintiff John Bernardi's motion for reconsideration, dkt. 67, is DENIED.

Entered this 3rd day of February, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge